IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | Case No. 1:02-cr-84 |
| Plaintiff, | : | |
| | : | Judge S. Arthur Spiegel |
| v. | : | |
| | : | **SENTENCING MEMORANDUM** |
| **KEVIN M. SPRADLIN,** | : | **OF DEFENDANT** |
| | : | **KEVIN M. SPRADLIN** |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

Defendant Kevin M. Spradlin ("Mr. Spradlin") will soon stand before the Court to receive his sentence for violating his term of supervised release. As discussed below, Mr. Spradlin asserts that numerous factors are present in this case which warrant a sentence at the low end of the guideline range. Mr. Spradlin therefore asks the Court to sentence below the 14-month sentence currently recommended by the government. Mr. Spradlin specifically asks the Court to impose a 12-month sentence which is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Mr. Spradlin respectfully submits this Sentencing Memorandum for the Court's consideration in passing sentence.

**I.    Federal Sentencing in the Wake of *U.S. v. Booker***

The United States Supreme Court handed down its decision in *United States v. Booker* in 2005. *U.S. v. Booker* (2005), 543 U.S. 220, 160 L. Ed.2d 621, 125 S.Ct. 738. *Booker* held that the Federal Sentencing Guidelines violated the Sixth Amendment in that courts were required to make factual findings which increased prison sentences based upon facts which had not been proven by the government beyond a reasonable doubt before a jury of the defendant's peers. The

violation was remedied by striking the language from the Sentencing Reform Act that made the guidelines mandatory and binding upon sentencing courts. The Supreme Court therefore concluded that the Sentencing Guidelines are now merely one factor which should be considered in determining an appropriate sentence. *Id.*

The Sentencing Guidelines certainly remain a factor for courts to consider. In particular, when a court is imposing a sentence following the revocation of probation or supervised release, "the district court must consider the policy statements contained in Chapter Seven of the Sentencing Guidelines." *U.S. v. Brown* (6th Cir. 2007), ___ F.3d ___, 2007 WL 2471248 at *2. Further, all of the historically recognized bases for downward departure remain applicable and highly relevant to a court's consideration.

After *Booker*, however, courts are no longer bound by the strict formulaic confines of the guidelines nor the departure methodology which limited a court's ability to sentence below the suggested guideline. The courts have therefore returned to the statutory factors which existed in the pre-*Booker* world but grew forgotten as the guidelines became more and more constricting upon a court's ability to issue a sentence which was in fact sufficient "but not greater than necessary" to satisfy the purposes of sentencing.

18 U.S.C. § 3553(a) sets forth the seven factors which must be considered by a court in determining the appropriate sentence:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;

2) The need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    3)       The kinds of sentences available;

    4)       The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines;

    6)       The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct; and

    7)       The need to provide restitution to any victims of the offense.

Mr. Spradlin asserts that when these factors are applied to his case, a sentence at the low end of the guideline range is warranted.

## II.    Applying the Factors to Mr. Spradlin's Case

### 1)    The history and characteristics of the defendant

On November 14, 2002, this court placed Mr. Spradlin on five years of probation for his conviction of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). In addition to the usual conditions of probation, the court placed several special conditions on Mr. Spradlin. Since 2002, Mr. Spradlin has completed four out of the five years of his probation with only minor incidents and up until now, has never served a prison sentence.

As the report of the probation officer indicates, the first incidents occurred approximately one year after Mr. Spradlin's probation began (November 2003 and January 2004). Although Mr. Spradlin was facing serious charges at that time (driving under the influence, felonious assault, and kidnapping), most of the charges were dismissed and he was convicted only of a misdemeanor offense of assault for which he was placed on probation. Over one year later (February 2005), Mr. Spradlin signed a waiver, agreeing to enter a long-term residential program to receive treatment for his drug and alcohol problems.

A review of Mr. Spradlin's history indicates recurring problems with drugs and alcohol, and in fact, alcohol played a part in the incident which resulted in this probation violation. He has experienced periods of success with treatment programs and support groups. Mr. Spradlin was doing well from the time he left the residential program in January 2006 until this most recent incident occurred.

    **2)**     **The nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense**

On August 16, 2007, Mr. Spradlin pled guilty to aggravated vehicular assault and thus violated the standard probation condition which states "You shall not commit another federal, state, or local crime." Mr. Spradlin in no way downplays the seriousness of his conduct on the night of the accident or lessens the pain and injuries which Ms. Wagers suffered. However, as the Sentencing Guidelines indicate, a probation violation should be sentenced as a breach of trust, and the underlying violation should be considered only to a limited degree. USSG Ch. 7, Pt. A, 3(b); *see also U.S. v. Penn* (4th Cir. 1994), 17 F.3d 70, 73.

Mr. Spradlin completed nearly all five years of his term of probation before breaching the trust originally granted to him by this court. This shows that a minimal period of incarceration will reflect the seriousness of the probation violation and provide just punishment for it. Additionally, the seriousness of the underlying conduct has been dealt with by the Hamilton County Court of Common Pleas. On September 26, 2007, Mr. Spradlin was remanded to the Ohio Department of Rehabilitation and Correction for a term of one year for the aggravated vehicular assault charge. Thus a minimal period of incarceration would be appropriate on the probation violation because that time would be in addition to Mr. Spradlin's state time.

    **3)**     **The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines**

Mr. Spradlin agrees with the probation department's assessment that he committed a Grade A violation and has a criminal history category of I and thus, an appropriate sentence would be between 12 and 18 months. In light of Mr. Spradlin's conformity with most of his term of probation, and that fact that he is currently serving state time on the underlying offense, Mr. Spradlin asks that the court impose a 12-month period of incarceration. Mr. Spradlin is not asking this court to deviate below the suggested guideline range, but merely to sentence him to the shortest possible term of incarceration as opposed to the 14 months suggested by the government. If this court agrees to sentence Mr. Spradlin at the low end of the guideline range, Mr. Spradlin will ultimately serve two years for his conduct on the night of December 30, 2006 (one year from the state court and one year for his probation violation). Clearly this sentence is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

**III.    Conclusion**

Wherefore, based upon all the foregoing, Defendant Kevin M. Spradlin respectfully moves the court for a sentence at the low end of the guideline range and respectfully requests that the Court sentence him to a 12 month term of imprisonment.

**Respectfully submitted,**

_s/ Paul M. Laufman_____
Paul M. Laufman (0066667)
Trial Attorney for Defendant Spradlin
LAUFMAN, JENSEN & NAPOLITANO, LLC
30 Garfield Place, Suite 750
Cincinnati, Ohio 45202
(513) 621-4556
(513) 621-5563
plaufman@ljnlawfirm.com

**CERTIFICATE OF SERVICE**

  I here by certify that a copy of the foregoing pleading was electronically filed on the 8<u>th</u> day of <u>October</u>, 2007. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                  _s/ Paul M. Laufman_
                  Paul M. Laufman